IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR BCAT 2016-18TT,<br>   Plaintiff,<br><br>v.<br><br>BILLY PAT ROBINSON, SR., IN HIS CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF WILLIAM VAN CLARKE, JR., AND LINDA GALE CLARKE, INDIVIDUALLY,<br>   Defendants. | §§§§§§§§§§§§§§§ | Civil Action No. 3:17-CV-2586-G<br><br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this foreclosure case was automatically referred for pretrial management. Before the Court for recommendation is *Billy Pat Robinson, Sr., in his Capacity as Independent Executor of the Estate of William Van Clarke, Jr.'s Motion to Dismiss due to Forum Non Conveniens*, filed November 22, 2017 (doc. 17). Based on the relevant filings and applicable law, the plaintiff's complaint should be *sua sponte* **DISMISSED without prejudice** for lack of subject matter jurisdiction, and the defendant's motion to dismiss should be **DENIED as moot**.

### I. BACKGROUND

This case involves the attempted foreclosure of real property located at 729 Arbor Creek Drive, DeSoto, Texas 75115 (the Property). (doc. 1 at 3-5.)[1] On or about May 24, 2013, William Van Clarke, Jr. (Decedent) executed a "Bank of America Equity Credit[ L]ine Agreement and Disclosure Statement" (the Note), "with an initial credit limit of $59,000.00 . . . and bearing interest

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

at the rate of 4.44% per annum" payable to Bank of America, N.A. (Bank). (*Id*. at 3.) Decedent and his wife, Linda Gale Clarke (Wife) (collectively Borrowers), contemporaneously executed a Texas Home Equity Line of Credit Security Instrument (Security Instrument) that granted a security interest in the Property to Bank. (*Id*.)  Under the terms of the Note and Security Instrument, Borrowers would be in default if they failed "to make payments on the Note as they became due and payable, or if [they] fail[ed] to comply with any or all of the covenants and conditions of the Security Instrument," and would be subject to the "selling [of] the Property according to law and in accordance with the provisions set out in the" Note and Security Instrument. (*Id*. at 4.)

U.S. Bank National Association, "not in its individual capacity, but solely as legal title trustee for BCAT 2016-18TT" (Plaintiff), "is the current owner and holder of the Note and beneficiary of the Security Instrument." (*Id*. at 1, 4.)  The loan servicer is Selene Finance. (*Id*. at 4.)  Decedent "died on or about June 26, 2014," and on or about May 7, 2014, "probate was opened in Probate Court Number Three (3) of Dallas County . . . ." (*Id*. at 2.)  On or about July 13, 2016, Decedent's will was admitted to probate, and Billy Pat Robinson, Sr. (Defendant), was appointed to serve as the independent executor of Decedent's estate. (*Id*.)

As of February 25, 2017, 30 monthly installments had not been paid as required under the Note and Security Instrument (doc. 17-2 at 2), and "notice of default was sent to [Wife] and [Defendant] in accordance with section 51.002(d) of the Texas Property Code." (doc. 1 at 4.)  The default was not cured, and Wife and Defendant "were given notice that the maturity date of the Note had been accelerated thus making all unpaid principal and accrued interest due and payable." (*Id*.)

On March 9, 2017, Plaintiff filed an Application for an Expedited Order Under Rule 736 on a Home Equity Loan against Borrowers, Decedent's estate, and Defendant in state district court,

seeking an expedited order to proceed with foreclosure on the Property in accordance with the terms of Note and Security Instrument. (doc. 17-2 at 1, 4.) On April 24, 2017, Defendant filed a motion to transfer in Probate Court Number 3 requesting that the foreclosure action be transferred to that court because the foreclosure proceedings related to the probate proceedings. (doc. 17-3 at 1-2.) On June 7, 2017, the probate court granted Defendant's motion, and ordered that the foreclosure action be transferred to it. (doc. 17-4 at 1.) On August 22, 2017, Plaintiff filed its notice of non-suit without prejudice in the probate court, stating that it "no longer desire[d] to pursue its claims," and the court granted the non-suit without prejudice on September 6, 2017. (docs. 17-5 at 1; 17-6 at 1.)

On September 21, 2017, Plaintiff filed this action seeking to enforce its security interest in the Property through foreclosure against Defendant and Wife.[2] (doc. 1 at 1-2.) Plaintiff asserts that it seeks "*in rem* relief" in the form of an order allowing it to foreclose on the Property, or alternatively, a judgment for judicial foreclosure. (*Id.* at 2, 5.) Plaintiff also "seeks an award of attorney's fees as a further obligation on the Note . . . ." (*Id.* at 5.) Defendant filed his response and is the only defendant who has contested Plaintiff's claim. (docs. 12; 17.)

On November 22, 2017, Defendant filed his motion to dismiss due to forum non conveniens, asserting that this matter should be dismissed from this Court's docket, and "any claim by Plaintiff should be submitted to Probate Court No. 3" of Dallas County. (doc. 17 at 1.) With a timely-filed response and reply, the motion is ripe for recommendation. (docs. 23, 24.)

## II. JURISDICTION

Although not asserted in the motion to dismiss, Defendant's reply argues that this Court lacks subject matter jurisdiction over Plaintiff's claim. (doc. 24 at 2.) He asserts that because the Property

---

[2] Default judgment was entered against Wife on November 21, 2017. (doc. 15).

"is estate property before a statutory probate court and the Plaintiff's claims would require [this] Court to dispose of that property," the probate exception deprives this Court of subject matter jurisdiction. (*Id*. at 2-5.)

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject matter jurisdiction. For this reason, the Court must examines the basis for jurisdiction, notwithstanding the fact that Defendant raised the issue for the first time in his reply.

"The probate exception is a judicially created limitation on federal court subject matter jurisdiction . . . ." *Mitchell v. Jefferson*, No. 5:18CV21-JRG-CMC, 2018 WL 1516773, at *9 (E.D. Tex. Mar. 28, 2018) (citing *Lemery v. Ford Motor Co.*, 205 F. Supp. 2d 710, 712 (S.D. Tex. 2002)). Under this exception, federal courts are prohibited from "(1) probating or annulling a will or (2) 'seek[ing] to reach a *res* in custody of a state court' by 'endeavoring to dispose of [such] property.'" *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013) (alterations in original) (quoting *Marshall v. Marshall*, 547 U.S. 293, 312–13 (2006)). The Fifth Circuit has held that the determination of

4

"whether the probate exception deprives a federal court of jurisdiction . . . requires a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court[,] and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property." *Id*. If the answer to both questions is yes, "then the probate exception precludes a federal district court from exercising diversity jurisdiction." *Id*. "As a threshold matter, the probate exception applies only if the dispute concerns property within the custody of a state court. The federal court cannot exercise *in rem* jurisdiction over a *res* in the custody of another court." *Id*.

A. **Property in Custody of the Probate Court**

Decedent's will was admitted to probate on July 13, 2016, and the probate proceedings are ongoing. *See Estate of William Van Clarke, Jr.*, No. PR-15-01632-3 (Prob. Ct. No. 3, Dallas County, Tex. May 7, 2015).[3] The Property is included in Decedent's will as part of his separate real property. Will at 2, *Estate of William Van Clarke, Jr.*, No. PR-15-01632-3 (Prob. Ct. No. 3, Dallas County, Tex. May 14, 2015). Judicial notice may also be taken of the fact that the Dallas Central Appraisal District website lists Decedent's estate as the current owner of the Property.[4] *See* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Hearn v. Deutsche Bank Nat. Trust Co.*, No. 3:13-CV-2417-B, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013) (citing cases) (noting that the court could take judicial notice of information on the Dallas Central

---

[3] The Court may take judicial notice of the filings in Dallas County Probate Court as they are matters of public record. *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings").

[4] *See* Dallas Central Appraisal District, Residential Account Details, available at: http://www.dallascad.org/AcctDetailRes.aspx?ID=20098560020030000

Appraisal District's website).  As part of Decedent's estate, the probate court assumed custody over the Property when Decedent's will was admitted to probate in that court.  *See Chevalier v. Estate of Barnhart*, 803 F.3d 789, 803–04 (6th Cir. 2015) (finding that the state probate court assumed *in rem* jurisdiction over a home that was part of the decedent's estate when the will was admitted to probate); *Mitchell*, 2018 WL 1516773, at *3, 9 (determining that property included in an application for independent administration of a decedent's estate was within the custody of the probate court); *Janvey v. Hamric*, No. 3:13-CV-0775-N, 2015 WL 11120301, at *6 (N.D. Tex. Nov. 5, 2015) (property listed in inventory of estate items was "within the probate court's jurisdiction.").  By pursuing a foreclosure action on the Property, Plaintiff "is placing in dispute estate property within the probate court's custody."  *Janvey*, 2015 WL 11120301, at *6; *see Curtis*, 704 F.3d at 409.  The first requirement is therefore met.

**B.     *In Rem* Jurisdiction**

A foreclosure action is an *in rem* proceeding.  *Aguilar v. Wells Fargo Bank, N.A.*, No. 3:16-CV-211-K-BN, 2017 WL 1450622, at *5 (N.D. Tex. Mar. 31, 2017) (citing *Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 499 (Tex. App.—El Paso 2009, pet. denied)); *see Davidson v. F.D.I.C.*, 44 F.3D 246, 249 n.2 (5th Cir. 1995) ("the foreclosure remedy is *in rem*, not *in personam*, and is therefore limited to the property itself"); *see also Chevalier*, 803 F.3d at 802–03 (determining that a foreclosure "requires that a court assume *quasi in rem* jurisdiction of the property at issue.").

Plaintiff's complaint presents a cause of action for foreclosure of the Property, and specifically "seeks *in rem* relief against [Defendant]."  (doc. 1 at 2, 4-5.)  Plaintiff requests a "judgment in its favor and an order allowing foreclosure" of the Property, "or alternatively, a judgment for judicial foreclosure."  (*Id*. at 5.)  In order to grant Plaintiff's requested relief, "the

6

Court would need to assume *in rem* jurisdiction over" the Property. *Janvey*, 2015 WL 11120301, at *7. Accordingly, the second requirement of the probate exception is met as well. *See id*.

Because both requirements of the probate exception are met, the Court lacks subject matter jurisdiction over Plaintiff's foreclosure action. *Mitchell*, 2018 WL 1516773, at *3, 9–10 (adopting the recommendation that the probate exception applied and the court was without jurisdiction to consider the case); *Janvey*, 2015 WL 11120301, at *6–7 (denying a motion for a turnover order where the probate exception deprived the court "of the authority to grant the turnover order."). It should *sua sponte* dismiss this action without prejudice for lack of subject matter jurisdiction.

### III. RECOMMENDATION

This case should be *sua sponte* **DISMISSED without prejudice** for lack of subject matter jurisdiction, and Defendant's motion to dismiss should be **DENIED as moot**.[5]

**SO RECOMMENDED** on this 15th day of June, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Because the Court lacks subject matter jurisdiction over Plaintiff's claim, it is unnecessary to consider Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim. Accordingly, his Rule 12(b)(6) motion should be denied as moot. *Munoz v. 193rd Judicial Dist. Court*, No. 3:11-CV-3249-P, 2012 WL 2399458, at *4 n.2 (N.D. Tex. May 21, 2012).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE