IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR BCAT 2016-18TT, Plaintiff, | § § § § § § | |
| v. | § § | Civil Action No. 3:17-CV-2586-G |
| BILLY PAT ROBINSON, SR., IN HIS CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF WILLIAM VAN CLARKE, JR., AND LINDA GALE CLARKE, INDIVIDUALLY, Defendants. | § § § § § § § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this foreclosure case was automatically referred for pretrial management. Before the Court for recommendation is *Plaintiff's Motion for Reconsideration of Dismissal Orders*, filed August 7, 2018 (doc. 32). Based upon the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

This case involves the attempted foreclosure of real property located at 729 Arbor Creek Drive, DeSoto, Texas 75115 (the Property). (doc. 1 at 3-5.)[1] On September 21, 2017, U.S. Bank National Association, "not in its individual capacity, but solely as legal title trustee for BCAT 2016-18TT" (Plaintiff), filed suit against Billy Pat Robinson, Sr. (Defendant) and his wife, seeking to enforce its security interest in the Property through foreclosure. (*Id*. at 1-2.)[2] Plaintiff sought "*in*

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff has a security interest in the Property as "the current owner and holder of" a promissory note "and beneficiary of the Security Instrument." (doc. 1 at 1, 4.)

*rem* relief" in the form of an order allowing it to foreclose on the Property, or alternatively, a judgment for judicial foreclosure. (*Id*. at 2, 5.)

On June 15, 2018, it was recommended that Plaintiff's suit be *sua sponte* dismissed without prejudice for lack of subject-matter jurisdiction. (*See* doc. 27.) Over Plaintiff's objections, the recommendation was accepted on July 10, 2018, and judgment was entered dismissing its complaint without prejudice on July 12, 2018. (*See* docs. 28-29; 31.) On August 7, 2018, Plaintiff moved for reconsideration of the dismissal. (doc. 32.) On August 28, 2018, Defendant filed a response, and Plaintiff filed its reply on September 4, 2018. (doc. 36.) This motion is now ripe for recommendation.

## II. MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the final judgment in this case. (*See* docs. 32-33.)

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.14 (5th Cir. 1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id*. Here, because Plaintiff seeks reconsideration of a judgment from a case resolved without a trial within 28 days after its entry, his motion should be liberally construed as a motion to alter or amend judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e), "as the Federal Rules of Civil Procedure do not recognize a general motion for

2

reconsideration, we shall treat United's motion as a Rule 59(e) motion to alter or amend judgment").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff argues that the probate exception[3] does not deprive the Court of subject-matter jurisdiction because the Property is not in the custody of the probate court. (doc. 33 at 3-6.) It previously asserted similar arguments in its objections to the recommended dismissal of its complaint. (*See* docs. 28 at 4-8.) Plaintiff's arguments only rehash evidence, legal theories, or arguments that were raised before the entry of judgment. It fails to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration

---

[3] "The probate exception is a judicially created limitation on federal court subject-matter jurisdiction" that deprives a court of jurisdiction when (1) "the property in dispute is estate property within the custody of the probate court," and (2) "the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property." *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013); *Mitchell v. Jefferson*, No. 5:18CV21-JRG-CMC, 2018 WL 1516773, at *9 (E.D. Tex. Mar. 28, 2018) (citing *Lemery v. Ford Motor Co.*, 205 F. Supp. 2d 710, 712 (S.D. Tex. 2002)).

3

or amendment of the judgment. Accordingly, Plaintiff has provided insufficient grounds to justify the extraordinary remedy available in Rule 59(e), and its motion for reconsideration should be denied.

### III. RECOMMENDATION

Plaintiff's motion for reconsideration, which is properly construed as a motion to alter or amend the judgment under Fed. R. Civ. 59(e), should be **DENIED**.

**SO RECOMMENDED this 1st day of October, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE